UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| EDWARD HENDRICKS, TDCJ # 1681289, § § Petitioner § § v. § § WILLIAM STEPHENS, § Texas Department of Criminal Justice § Correctional Institutions Division Director, § § Respondent § | Civil Action No. SA-14-CA-578-DAE |

# MEMORANDUM DECISION

Before the Court are Petitioner Edward Hendricks' 28 U.S.C. § 2254 Habeas Corpus Petition (Docket Entries ## 1 & 2) and Respondent's Answer seeking dismissal of the Petition (Entry # 16) which this Court construes as a motion to dismiss.

## I.

Hendricks was convicted in 2010 of three counts of aggravated robbery by a Bexar County jury and was sentenced to concurrent sentences of ninety-nine years in *State v. Hendricks*, No. 2009-CR-7144B & 2009-CR-7145B (Tex. 226th Jud. Dist. Ct., *jmt. entered* Sept. 16, 2010). Hendricks' convictions were affirmed, and the Texas Court of Criminal Appeals refused his petitions for discretionary review. *Hendricks v. State*, Nos. 4-10-738-CR, 4-10-739-CR, 2012 WL 2914217 (Tex. 4th Ct. Apps. 2012, *pet ref'd*). Hendricks' State habeas corpus applications challenging his convictions were denied. *Ex parte Hendricks*, Nos. 76,310-4 & -5 (*denied* Nov. 27, 2013). Hendricks' subsequent State habeas corpus applications were dismissed for writ abuse. *Ex parte Hendricks*, Nos. 76,310-6 & -7 (*dismissed* May 7, 2014).

The evidence at trial showed: On April 16, 2009, Hendricks and two others armed with a sawed off shotgun and a pistol, invaded a San Antonio home where a poker game was in progress, and robbed the victims of their cell phones, jewelry, and wallets at gun-point. One of the victims called the police who arrived while the robbery was proceeding; Hendricks was arrested fleeing the scene. Monica Pacheco, Jessica Elizondo, and Blanca Lopez testified they were robbed by Hendricks.

## II.

Federal habeas corpus relief is available only where the petitioner demonstrates he is in custody in violation of his constitutional or other federal rights. 28 U.S.C. §§ 2241, 2254. State law errors that do not implicate constitutional rights are not a basis for habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991). Rule 2(c) of the Rules Governing § 2254 Proceedings states the petition must set forth "the facts supporting each ground." Conclusory and speculative allegations are not sufficient to entitle a petitioner to a hearing or relief in a § 2254 case. *West v. Johnson*, 92 F.3d 1385, 1398-99 (5th Cir. 1996), *cert. denied*, 520 U.S. 1242 (1997); *Perillo v. Johnson*, 79 F.3d 441, 444 (5th Cir. 1996).

Section 2254(b)(1)(A) requires the petitioner to exhaust available state court remedies before seeking federal habeas corpus relief. To exhaust state remedies in Texas, a petitioner must present his claim to the Texas Court of Criminal Appeals by direct appeal or through a post-conviction writ application. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Section 2254(d) requires this Court to defer to the state court's reasonable interpretations of federal law and reasonable determinations of fact in light of the evidence presented in the state proceedings. Factual determinations of a state court are "presumed to be correct" and the petitioner has the burden of rebutting this presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

- A -

Hendricks first contends that his three convictions violate double jeopardy because they involve the same robbery. This issue is without merit.

The Double Jeopardy Clause of the Fifth Amendment protects against: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165, 97 S. Ct. 2221, 53 L. Ed. 2d 187 (1977). "The same-elements test . . . inquires whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double jeopardy bars additional punishment and successive prosecution." *U.S. v. Dixon*, 509 U.S. 688, 696, 113 S. Ct. 2849, 125 L. Ed. 2d 556 (1993) (*citing Blockburger v. U.S.*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932)). The Texas courts rejected this issue holding that under Texas law "'the allowable unit of prosecution for robbery is each victim,'" and therefore Hendricks' three convictions involving different victims did not violate double jeopardy. *See Hendricks v. State*, 2012 WL 2914217 at *2 (quoting *Ex parte Hawkins*, 6 S.W.3d 554, 561 (Tex. Crim. App. 1999) (en banc). Because each of Hendricks' convictions required proof of an element not contained in the other, i.e. the robbery of a different victim, his three convictions involve distinct offenses and do not violate double jeopardy.

- B -

Hendricks was also indicted for but acquitted of the aggravated robbery of Nathan Nichols in Case No. 2009-CR-7143B allegedly occurring on the same occasion as the robberies for which he was convicted. Hendricks claims that because he was acquitted in Case No. 2009-CR-7143B, the State trial court had no jurisdiction in Case Nos. 2009-CR-7144B and 2009-CR-7145B, and his three convictions are "void."

This argument apparently confuses a double jeopardy claim with lack of jurisdiction; however whether construed as a double jeopardy claim or a jurisdictional challenge, the claims are without merit. Construed as a double jeopardy claim, his acquittal for the alleged aggravated robbery of Nichol's does not bar his convictions for the aggravated robbery of Pacheco, Elizondo, and Lopez, because his convictions involve different victims and distinct offenses. Construed as a challenge to the State court's jurisdiction, the claim is without merit, because the State court's concluded there was jurisdiction, and this Court must defer to the State court's jurisdictional determination. *See Evans v. Cain*, 577 F. 3d 620, 624-25 (5th Cir. 2009).

- C -

Hendricks next claims the prosecution threatened Hendricks' only witness with prosecution if he testified in Hendricks' favor in violation of due process and his right to compulsory process. This claim mis-characterizes the record and is without merit.

At trial Hendricks intended to present the testimony of Arthur Fowler. However, the prosecution informed the court that Fowler was under investigation for the same offense for which Hendricks was being tried. After conferring with his attorney, Fowler invoked his Fifth Amendment right not to testify.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have compulsory process for obtaining witnesses in his favor." However, while "[t]he Sixth Amendment requires that a witness be brought to court, . . . it does not require that he take the stand after refusing to testify." *U.S. v. Griffin*, 66 F.3d 68, 70 (5th Cir. 1995). "Once a witness appears in court and refuses to testify, a defendant's compulsory process rights are exhausted." *Id.*

Therefore, Hendrick's Sixth Amendment rights were satisfied when Fowler appeared in court and refused to testify. *See id.*

### - D -

Hendricks claims his counsel was ineffective for failing to object to the indictment as multiplicatus. To establish ineffective assistance of counsel, a petitioner must show counsel's performance was deficient, i.e. counsel's performance was not professionally reasonable, and counsel's deficient performance prejudiced the petitioner, i.e. "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). As previously discussed, the robbery of each victim constituted a distinct offense, and thus the indictment was not multiplicatus, and Hendricks' counsel was not ineffective for failing to raise the issue. "[C]ounsel is not required to make futile motions or objections." *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990).

### - E -

Hendricks next claims that he was not appointed counsel until after he filed a pro se motion for new trial and notice of appeal, in violation of his Sixth Amendment right to counsel. This claim mischaracterizes the record and is without merit.

In *Faretta v. California*, 422 U.S. 806, 807, 95 S. Ct. 2525, 45 L. Ed. 2d 562(1975), the Supreme Court held a defendant may waive his Sixth Amendment right to counsel and proceed pro se. The record shows Hendricks insisted on representing himself at trial, and the trial court appointed stand-by counsel. After trial and the entry of Hendricks' judgment on September 16, 2010, Hendricks filed a pro se motion for new trial on September 29, 2010, and a notice of appeal on October 6, 2010.

On October 10, 2010, after the filing of the motion for new trial and notice of appeal, Hendricks filed a motion for appointed counsel on appeal which was granted on October 14, 2010. Hendricks' claim that he was denied counsel when he filed his motion for new trial and notice of appeal is without merit, because he waived his right to counsel, and filed the motion for new trial and notice of appeal before requesting appointment of counsel on appeal.

The State courts' denial of Hendricks' claims is reasonably supported by the record and is consistent with federal law as required by § 2254(d), *see Hendricks v. State*, 2012 WL 2914217, and *Ex parte Hendricks*, Nos. 76,310-4 at 76-91 & -5 at 27-42, therefore this Court is compelled to reach the same conclusion. Hendricks' Petition is without legal or factual merit and must be denied. Because Hendricks failed to present a factual basis for his claims in state court, he is not entitled to a federal habeas corpus hearing. *See* 28 U.S.C. § 2254(e)(2). Moreover, in light of the overwhelming evidence against Hendricks, any court, prosecution, or counsel errors did not affect the jury's verdict and thus were harmless. *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993) (a federal habeas court may not grant relief on trial errors unless petitioner demonstrates the error "had a substantial and injurious effect or influence in determining the jury's verdict"). Furthermore, a habeas corpus petitioner is not entitled to relief or a hearing on his claims where: he failed to allege a basis for relief, he offers "conclusory allegations unsupported by specifics, contentions that in the face of the record are wholly incredible," *Perillo*, 79 F.3d at 444 (internal quotation marks omitted), or allegations that can be resolved on the record, *Lawrence v. Lensing*, 42 F.3d 255, 258-59 (5th Cir. 1994). Petitioner Hendricks is not entitled to habeas relief or a hearing on his Petition because his claims are refuted by the record, without legal merit, or conclusory.

## III.

Accordingly, Respondent's motion to dismiss (Entry # 16) is **GRANTED**, and Petitioner Hendricks' § 2254 Petition (Entries ## 1 & 2) is **DENIED** and **DISMISSED WITH PREJUDICE**. All other pending motions are **DENIED** as moot. Petitioner failed to make "a substantial showing of the denial of a federal right" and cannot make a substantial showing this Court's procedural rulings are incorrect as required by Fed. R. App. P. 22 for a certificate of appealability, *see Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct.1595, 146 L. Ed. 2d 542 (2000), and therefore this Court **DENIES** Petitioner a certificate of appealability. *See* Rule 11(a) of the Rules Governing § 2254 Proceedings.

**DATED:** April 30, 2015

DAVID A. EZRA
Senior United States District Judge